IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 10-00631-01 LEK |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO DISQUALIFY |
| vs. | ) | |
| CHARLES ALAN PFLUEGER (01), | ) | |
| Defendant. | ) | |

ORDER DENYING UNITED STATES OF AMERICA'S
MOTION TO DISQUALIFY

Before the Court is United States of America's Motion to Disqualify (Doc. 57). The Court heard this Motion on April 18, 2011. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Government's Motion is DENIED.

FACTUAL BACKGROUND

William McCorriston of the law firm McCorriston Miller Mukai MacKinnon LLP represents Defendant Charles Alan Pfleuger ("Pfleuger") in this criminal case. McCorriston also generally serves as counsel for Pfleuger, Inc. and its subsidiaries. (Motion at 1.) Pfleuger is the sole owner and shareholder of Pfleuger, Inc.

Pfleuger and others were charged by a federal grand jury on September 15, 2010 for various offenses, including conspiracy to defraud the Internal Revenue Service. (See Indictment.) McCorriston, in his capacity as Pfleuger, Inc.'s attorney, accompanied Owen Phillips (current Pfleuger, Inc. officer) and Shirley Apa (former employee of Pfleuger Properties) to the grand jury proceedings. During those proceedings, Phillips asked McCorriston a question about a public document that Phillips executed in his capacity as a Pfleuger, Inc. employee.

Based on McCorriston's representation of Pfleuger, Inc. and his accompanying Phillips and Apa to the grand jury proceedings, the Government brings the present Motion, seeking to disqualify McCorriston and his law firm from representing Pfleuger in this criminal case due to actual or potential conflicts of interest.

## DISCUSSION

I.        The Government's Standing to Raise Disqualification

The parties dispute whether the Government has standing to bring its Motion to Disqualify. Importantly, the Supreme Court has noted that "trial courts, when alerted by objection from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene

the Sixth Amendment." Wheat v. United States, 486 U.S. 153, 161 (1988). Likewise, in United States v. Kenney, 911 F.2d 3165, 322 (9th Cir. 1990), the Ninth Circuit affirmed a district court's decision to disqualify defense counsel, which was raised by the Government's motion. District courts in the Ninth Circuit also hold that "the Government has standing to make [a] motion for disqualification" based on an actual or potential conflict of interest. See, e.g., United States v. Linton, 502 F. Supp. 871, 876 (D.C. Nev. 1980). In light of the foregoing case law, the Court concludes that the Government does have standing to bring the present Motion to Disqualify.

II.        Disqualification

The Government moves to disqualify William McCorriston and his law firm from representing Pflueger in this case. It argues that McCorriston's "representation of Pflueger, Inc. and its subsidiaries and certain government witnesses creates actual conflicts of interest with his representation of [Pfleuger], and at a minimum risks potential conflicts of interest arising during future criminal proceedings in this case." (Motion at 1.) Pfleuger responds that the lack of evidence showing any actual or potential conflict warrants denying the Government's Motion.

The Sixth Amendment to the Constitution "guarantees that in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense." Wheat, 486 U.S. at 157 (brackets, quotation marks, and ellipses points omitted). An "element of this right is the right of a defendant . . . to choose who will represent him." United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006).

"The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects." Wheat, 486 U.S. 160. In that regard, the "presumption in favor of a petitioner's counsel of choice . . . may be overcome not only by a demonstration of actual conflict but by a showing of serious potential for conflict." Id. at 164. In the Ninth Circuit, an attorney may represent multiple clients "until an actual conflict is shown to exist or can be reasonably foreseen." Willis v. United States, 614 F.2d 1200, 1202 (9th Cir. 1979). The Ninth Circuit "require[s] a factual showing on the record that a conflict existed, for 'while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest, neither can we create a conflict of interest out of mere conjecture as to what might have been shown.'" Id. at 1203; see Linton, 502 F. Supp. at 876 ("Conflict issues are not to be decided on the basis of speculation, but by a considered determination of whether, in fact, a conflict of interest exists.").

"Thus, facts and evidence are required before the right of a person to legal representation of his own choosing may be vitiated on the ground of conflict of interest." Linton, 502 F. Supp. at 876-77. Where "the Government has not provided facts and evidence sufficient to establish the existence of such a conflict nor the reasonable foreseeability that an actual conflict will arise," denial of a motion to disqualify is proper. Id. at 877.

The Government argues that an actual conflict or serious potential for conflict exists because McCorriston represents Pfleuger, as well as Pfleuger Inc. and its employees, including two witnesses who testified during the grand jury proceedings.

First, with respect to the alleged conflict resulting from McCorriston's representation of Pfleuger and Pfleuger, Inc., the Court notes that Pfleuger, Inc. is not a party to this criminal case and McCorriston is therefore not representing two parties in this proceeding. Further, the Government fails to demonstrate how McCorriston's representation of Pfleuger, Inc. limits his ability to represent Pfleuger here. The Government speculates that McCorriston's defense in this case may "put Pfleuger, Inc. at risk for civil liability." (Motion at 17-18.) The Government also argues that "this Court should presume Mr. McCorriston received confidential information from Pfleuger, Inc.'s officers and employees relevant to

5

Alan Pfleuger's defense." (Id. at 16.) However, the Government's arguments are based on pure speculation, and the Government "has not provided facts and evidence sufficient to establish the existence of" any conflict based on McCorriston's representation of both Pfleuger and Pfleuger, Inc. See Linton, 502 F. Supp. at 877.

    Second, with respect to the alleged conflict resulting from McCorriston's accompanying Owen Phillips and Shirley Apa to the grand jury proceedings, McCorriston informed them that he was there as Pfleuger, Inc.'s attorney to represent them as Pfleuger, Inc. (Owen Phillips) and Pfleuger Properties (Shirley Apa) employees. He did not enter into any attorney-client relationship with Phillips or Apa in their individual capacities. (McCorriston Decl'n ¶ 3.) At the hearing on this Motion, McCorriston explained that Phillips consulted with him during the grand jury proceedings about a public document that Phillips had executed in his capacity as a Pfleuger, Inc. employee. As to Apa, McCorriston explained that she did not ask him any questions during the grand jury proceedings. McCorriston also verified that no confidential information was provided to him by Phillips or Apa. Because they provided no confidential information to McCorriston, the Court rejects the Government's argument that "McCorriston may be forced to forego the rigorous cross-examination of [Phillips

and Apa] for fear of disclosing confidential communications divulged to him." (Motion at 11.) Without more, the Government fails its burden to provide facts and evidence showing the existence of an actual or potential conflict based on McCorriston's accompanying Phillips and Apa to the grand jury proceedings. See Linton, 502 F. Supp. at 877.

Accordingly, because the Government fails to demonstrate an actual conflict or serious potential for conflict, the Court declines to disqualify McCorriston or his firm from representing Defendant Pfleuger in this case and therefore denies the present motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Government's Motion to Disqualify.

DATED: Honolulu, Hawaii, April 26, 2011.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

USA v. Pfleuger (01), CR. NO. 10-00631-01 LEK; ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO DISQUALIFY.